# MEDIATION AGREEMENT

## Florala/Lockhart/Louisiana Pacific/PACTIV Corp.
## Air Emissions Mediation

The parties whose signatures are affixed below hereby agree to the terms and conditions of this Mediation Agreement.

## I.    **Purpose and Responsibilities**

The purpose of the mediation will be to attempt to arrive cooperatively and informally at a mutually acceptable resolution of the dispute.

## II.   **Mediation Process**

### A.    **Overview**

John Bickerman will serve as mediator and may be assisted by others as reasonably necessary at his discretion to serve the parties and accomplish the objectives of this Agreement. The mediator may review written information submitted by the parties and counsel. He may also communicate *ex parte* with mediation participants.

The mediator will attempt to meet by telephone with the parties during the week of **November 28, 2005,** prior to the initial joint session at a mutually convenient time.

The initial joint mediation session will take place at (location to be determined) beginning at **9:00 AM on December 6, 2005 and concluding at 5:00 PM on December 7, 2005.**

The joint mediation session shall be attended by party representatives with full settlement authority. During the joint mediation session, representatives of the parties may be expected to briefly present their positions on the issues in dispute and respond to

the other party's positions. These summary presentations may be made by counsel or representatives of the parties. No rules of evidence will apply.

After the summary presentations, the mediator may meet separately and together, as necessary, with the parties and their counsel to assist them in resolving the dispute. If the dispute is not settled after the joint mediation session, the mediator may continue individual discussions by telephone or in person.

### B. Procedure

#### 1. Information Exchange

From time to time, the mediator may request that the parties exchange information regarding their factual and legal arguments. The mediator may also request parties exchange background material that may be helpful to the resolution of the case.

#### 2. Confidential Statements

By **November 21, 2005** the parties shall submit to the mediator a confidential statement of approximately **10** pages setting forth any additional information that the parties want the mediator to know about the dispute. In addition, each statement should project the settlement needs of the opposing party. These confidential statements shall not be shared with any other party and shall be used solely to assist the mediator in his work.

#### 3. Party Representatives

Unless the parties agree otherwise, representatives of each party having full settlement authority shall participate in all phases of the mediation process directly. The mediator may consult with the parties concerning these designated representatives, their settlement authority, and level of participation in various phases of the process.

## III. Destruction of Documents

Forty-five (45) days after the conclusion of the mediation, the mediator will destroy copies of all materials sent or provided to the mediator by the parties, including confidential statements, confidential communications, pleadings and other documents, including but not limited to audio/visual tapes and electronic mail (e-mail) transmissions, to protect the confidential nature of the mediation. The mediator will retain a copy of the settlement agreement, if a settlement is reached.

## IV. No Legal Advice Rendered By The Mediator

The parties to the mediation represent that they have obtained legal counsel to advise them during the mediation. The mediator will not provide legal advice.

## V. Conflicts of Interest

### A. Disclosure of Prior Relationships

The mediator has made a reasonable effort to learn and has disclosed to the parties: (a) all business or professional relationships the mediator and/or the mediator's firm has had with the parties or their law firms within the past three years; (b) any financial interest the mediator has in any party; (c) any significant social, business or professional relationship the mediator has had with an officer or employee of a party or with an individual representing a party in the mediation; and (d) any other circumstances that may create doubt regarding the mediator's impartiality in the mediation.

Each party and its law firm has made a reasonable effort to learn and has disclosed to every other party and the mediator any relationships of a nature described in the preceding paragraph not previously identified and disclosed by the mediator.

The parties and the mediator are satisfied that any relationships disclosed pursuant to the preceding paragraphs will not affect the mediator's independence or impartiality. Notwithstanding any such relationships, the parties have chosen the mediator to serve in the mediation, waiving any claim based on such relationships, and the mediator agrees to so serve.

### B. Future Relationships

Neither the mediator nor the mediator's firm shall undertake any work for or against a party regarding the subject matter of the mediation. The mediator's firm may mediate other matters involving one or more of the parties during the pendency of the mediation.

## VI. Confidentiality

This entire mediation process is a compromise negotiation. All offers, promises, conduct, and statements, whether oral or written, made in the course of the mediation by the parties, their agents, employees, experts and attorneys, and the mediator are confidential. Such offers, promises, conduct, and statements will not be disclosed to third parties, except persons associated with the parties in the mediation process and persons or entities to whom a party has a legal or contractual obligation to report, and are privileged and inadmissible for any purpose, including impeachment, under Rule 408 of the Federal Rules of Evidence and any applicable federal or state statute, rule or common law provisions. All information, reports, data and/or documents prepared by or on behalf of the parties, and/or presented to the mediator, are deemed confidential and shall not be disclosed. However, evidence previously disclosed or known to a party, or that is otherwise admissible or discoverable, shall not be rendered confidential, inadmissible, or not discoverable solely as a result of its use in the mediation. Furthermore, party's experts who participate in this mediation shall not be disqualified from assisting a party in subsequent litigation concerning the subject of the dispute of this mediation.

## VII. Settlement Agreement

Any resolution of the dispute shall be reduced to writing and executed by the parties. Parties are advised to have the settlement agreement independently reviewed by their own counsel prior to executing the agreement.

## VIII. <u>Disqualification of Mediator</u>

Neither John Bickerman, nor any person who assists him, is a necessary party in any arbitral or judicial proceeding relating to the mediation or to the subject matter of this dispute. Neither John Bickerman, nor any person who assists him, may be called as a witness or an expert in any pending or subsequent litigation or arbitration involving the parties and relating to this dispute. Moreover, John Bickerman and any person who assists him will be disqualified as witnesses or as experts in any pending or subsequent litigation or arbitration relating to this dispute.

## IX. <u>Mediation Costs</u>

### A. <u>Explanation of Mediation Costs</u>

Each party shall be responsible for payment of its share of the mediator's fees and expenses. These will include the mediator's fees at his standard mediation rate. Professional fees for joint sessions are charged at the rate of $6,500 per day for mediations held in Washington, DC or $7,500 for mediations held outside of Washington, DC. Preparation, pre- and post- mediation follow-up are billed at the rate of $500 per hour.

Mediation fees represent charges for time spent with the parties, time required to study documents, research issues, correspond, make telephone calls, prepare draft and final agreements, and do such other things as may be reasonably necessary to facilitate the parties' reaching full agreement. Mediation fees may also include the time required to travel to individual meetings or joint mediation sessions.

### B. Cancellation/Rescheduling Charge

A cancellation fee of up to eight hours may be charged for sessions that are cancelled by the parties within thirty (30) business days of the initial joint session, unless the time can be rescheduled. A rescheduling charge of up to four hours may be charged for sessions that are rescheduled by the parties within thirty (30) business days of the initial joint session, unless the time can be rescheduled. Actual expenses are billed at cost.

If a mediation session is completed in less time than was budgeted, the actual time reserved but not used will be billed unless the time can be used for another matter.

### C. Case Management Fee

The Case Management Fee covers certain costs associated with the mediation, such as case scheduling, establishment of files, document handling, copying, faxing and overnight mailing, use of Bickerman Dispute Resolution, PLLC conference facilities and regular telephone usage (conference calls with multiple parties are billed at actual cost). The Case Management Fee is 6% of total professional fees.

### D. Share of Mediation Costs

The responsibility for payment of the mediator's fees and expenses shall be divided **equally** between the parties to the mediation.

### E. Retainer

Each party shall pay a retainer of **$7500 due by November 21, 2005.** The retainers paid by each party shall be kept in a separate account and applied to fees after the parties have been provided with an invoice.

### F. Payment of Invoices

All fees are due and payable upon receipt of the retainer invoice and must be paid for in advance of the initial joint mediation session. The parties agree to pay the amounts indicated in invoices they receive from the mediator (in excess of their retainers) within

thirty days of the receipt of each invoice. If payment is not made within thirty days, the mediator reserves the right to charge interest at the rate of 1.5% per month.

**X.      Consent to Mediation**

By their signatures below, the parties to the action hereby consent to mediation and agree to be bound by the terms and conditions of this Agreement.

By: _[signature]_____     By: _____

Of: _LP_____     Of: _____

Dated: _11-22-05_____     Dated: _____